UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CARL A. REED, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ST. FRANCIS HEALTH SYSTEMS and )<br>ST. MARGARET MERCY HOSPITAL, )<br>)<br>Defendants ) | CAUSE NO. 2:12-CV-31 RM |

OPINION AND ORDER

Carl A. Reed, a *pro se* plaintiff, filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis.* (DE 1, 2.) To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Mr. Reed's motion shows that he is financially eligible for *in forma pauperis* status. (DE 2.) The court also must determine whether the complaint states a claim for relief. 28 U.S.C. §1915(e)(2)(B)(ii). To survive dismissal under federal pleading standards,

> [a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, ___; 129 S. Ct. 1937, 1949 (2009). The plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege: (1) the defendant deprived him of a federal constitutional right; and (2) the defendant acted under color of state law. Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Reed is suing St. Margaret Mercy Hospital and its parent company, St. Francis Health Systems, over an incident that occurred when he went to the hospital's emergency room. He claims that at some point after receiving treatment he was asked to leave the hospital but he refused; hospital staff called the police and he was later arrested. (DE 1 at 2-3.) He asserts that the hospital's actions violated his rights under the Fourteenth Amendment. (*Id.* at 2.)

These allegations do not state a plausible claim for relief under 42 U.S.C. § 1983. A private company cannot be sued for constitutional violations, because the Constitution only protects against actions by state actors. *See* Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822-23 (7th Cir. 2009); Savory v. Lyons, 469 F.3d at 670. That hospital staff contacted the police, resulting in Mr. Reed's arrest, does not transform the defendants into state actors. *See* Wilson v. McRae's, Inc., 413 F.3d 692, 693-94 (7th Cir. 2005) (department store was not a state actor and could not be sued under 42 U.S.C. § 1983 based on an incident in which store employees accused the plaintiff of theft and called police, resulting

in his arrest). Mr. Reed asserts that the hospital receives funding under the federal Medicare program, but receipt of federal funds alone is not sufficient to establish state action. *See* Blum v. Yaretsky, 457 U.S. 991, 1011-1012 (1982).

In unique circumstances a private company may be deemed a state actor if it conspired with a state actor to deprive the plaintiff of his or her constitutional rights. Dennis v. Spark, 449 U.S. 24, 28 (1980). However, conspiracy must be pled with specificity, and at a minimum the plaintiff must provide details about the parties involved, the purpose, and the approximate dates of the conspiracy. *See* Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). Mr. Reed does not allege, nor can it be plausibly inferred from the complaint, that a conspiracy existed between a state actor and the private companies he names. Accordingly, this suit must be dismissed.

For these reasons, the motion for leave to proceed *in forma pauperis* (DE 2) is DENIED and the complaint (DE 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

ENTERED: January   25  , 2012

                                                           /s/ Robert L. Miller, Jr.
                                                          Judge
                                                          United States District Court

cc: C. Reed